

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00462-CR

JAVIER PALACIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 73,827-E, Honorable Douglas R. Woodburn, Presiding

March 27, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On December 19 and 20, 2017, appellant, Javier Palacios, was tried for the offense of failure to comply with registration requirements.[1]  Appellant pled not guilty and the case proceeded to a jury trial.  After hearing evidence, the jury found appellant guilty and, after hearing punishment evidence, sentenced appellant to forty-five years' incarceration in the

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West 2018).

Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his notice of appeal. We affirm.

Appellant's court-appointed appellate counsel filed a motion to withdraw from the representation supported by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed a pro se response in which he identified communication issues between himself and trial counsel. However, none of these complaints are reflected in the record. The State did not file a brief.

In the present case, a jury found appellant guilty of the offense of failure to register, and sentenced him to forty-five years' incarceration. By his *Anders* brief, counsel discusses where in the record reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might

support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

After carefully reviewing the appellate record, counsel's brief, and appellant's pro se response, we conclude that there are no plausible grounds for appellate review. We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.[2] *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker<br>
Justice

Do not publish.

---

[2] Even though appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which provides that counsel shall, within five days after this opinion is handed down, send appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.